FILED'07 JUL 13 09:56USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA RANTON-RIED, *guardian ad litem*
for minor C.K.

          Plaintiff

v.

DANIEL ALCAZAR, ACADEMY OF
ALTERNATIVES, INC.; OREGON
DEPARTMENT OF EDUCATION; and
GRESHAM-BARLOW SCHOOL
DISTRICT,
          Defendants.

CV.07-0383-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff, as *guardian ad litem*, filed this action for the alleged sexual abuse of minor "C.K." by Daniel Alcazar against defendants Daniel Alcazar, the Academy of Alternatives, Inc., the Gresham-Barlow School District, and the Oregon Department of Education (the "Department"). Plaintiff alleges a violation of her rights under 42 U.S.C. §1983, as well as under the Oregon Tort Claims Act ("OTCA") and ORS 30.265.

Now before this court is the Department's motion to dismiss all claims against it pursuant to F.R.C.P. 12(b)(6). Plaintiff has not filed a response. For the reasons set forth below, the Department's Motion to Dismiss (No. 8) should be granted.

## FACTUAL BACKGROUND

Minor C.K. attended Academy of Alternatives, a charter school located in the Gresham-Barlow school district. While enrolled there, C.K. was subject to sexual abuse by Daniel Alcazar, a teacher employed by the Academy of Alternatives.[1]

## LEGAL STANDARD

Dismissal pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also* Fed. R. Civ. P. 8(a). Dismissal is likewise appropriate where the plaintiff fails to allege any cognizable legal theory upon which relief can be granted. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz*, 476 F.3d at 763.

In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle*, 474 F.3d at 667. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true

---

[1] The complaint does not specify when or where or how many times the abuse occurred.

Page 2 - FINDINGS AND RECOMMENDATION

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

## ANALYSIS

### I. §1983

Plaintiff alleges a "constitutionally protected right to be free from solicitation for sex and sexual abuse from her teachers and support staff while attending Academy.[2] A §1983 claim may only be brought against "persons." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). The Supreme court has stated clearly that "a State is not a person within the meaning of § 1983," and therefore cannot be subject to suit under §1983. *Id.* Likewise, as an arm of the state, a state agency is not a "person" within the meaning of §1983 and cannot be subject to suit under §1983. *Bond v. Franchise Tax Bd.*, 175 Fed. Appx. 922, 922 (9th Cir. 2006). Because the Department is a state agency, it cannot be sued under §1983 and plaintiff's § 1983 claim against the Department should be dismissed.

### II. Sovereign Immunity

It is well-established that the federal courts lack jurisdiction over actions brought by individuals against a state. *Seminole Tribe v. Fla.*, 517 U.S. 44, 54 (1996). The Eleventh Amendment to the United States Constitution grants each state sovereign immunity from a suit filed in federal court. *See* US Const. Amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *Sofamor Danek Group, Inc., v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 2000). Sovereign immunity

---

[2] The complaint does not indicate which constitutionally protected right was violated, but this court construes plaintiff's claim under the Fourteenth Amendment's provision of substantive due process.

Page 3 - FINDINGS AND RECOMMENDATION

is applicable to federal and supplemental state law claims, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (U.S. 1984), and extends to state agencies, *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-146 (1993); *Pennhurst*, 465 U.S. at 101; *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) . There are two exceptions to this rule of sovereign immunity: where (i) Congress has validly abrogated that immunity or (ii) a state has expressly consented to the suit. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). *See also Welch v. Texas Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987) (recognizing two exceptions to Eleventh Amendment bar).

     Here, Congress has done nothing to abrogate the Department's immunity to plaintiff's claims. Congress did not abrogate the Eleventh Amendment immunity of the states by enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Nor did Congress abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a)." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). Similarly, the state has not indicated its consent to be sued, or done anything to voluntarily waive its immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("we will find waiver only where stated by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.") While the OTCA does waive the state's immunity to suit in state court, it is not a waiver of Eleventh Amendment immunity. *Estate of Pond v. Oregon*, 322 F. Supp.2d 161, 1165 (D.Or. 2004). *See also Center for Legal Studies, Inc., v. Lindley*, 64 F. Supp.2d 970, 974 (D.Or. 1999), *aff'd*, 1 Fed. Appx. 662 (9th Cir. 2001). (dismissing claims under the OTCA on the basis of Eleventh Amendment immunity). Plaintiff's claims against the Department are barred by the Eleventh Amendment, and the Department's

motion to dismiss plaintiff's §1983 and state law claims should be granted.

## CONCLUSION

For the reasons set forth above, the Oregon Department of Education's Motion to Dismiss (No. 8) should be granted, and plaintiff's claims against the Department should be dismissed with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 27, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 13th day of July, 2007.

_____
Honorable Paul Papak
United States Magistrate Judge